

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **JAIRO BRENES**<br>    **PLAINTIFF,**  ) | **CASE #: 3:13-CV-__722__-__JRS__** |
| ) | |
| **v.**  ) | |
| ) | |
| **COLLECTO, Inc DBA EOS CCA,**<br>    **DEFENDANT.**  ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant Colecto, Inc DBA EOS CCA., respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Jairo Brenes, an individual consumer, against Defendant, Collecto, Inc. DBA EOS CCA, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

Page 1 of 6

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Jairo Brenes ("Plaintiff") is a natural person and resides in Richmond, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Collecto, Inc. DBA EOS CCA ("EOS CCA"), is a Massachusetts Corporation, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 700 Longwater Dr. Norwell, MA 02061.

9. EOS CCA is not registered with the Secretary of the Commonwealth, but Collecto, Inc is, and may be served at the following:Collecto, Inc DBA EOS CCA r/a CT Corporation System, 4701 Cox Rd, Suite 301, Glen Allen, VA 23060.

10. The principal business of EOS CCA is the collection of debts.

11. EOS CCA regularly attempts to collect consumer debts alleged due to another.

12. EOS CCA is engaged in the collection of debts from consumers using the mails and telephone.

13. EOS CCA is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

Page 2 of 6

## FACTS

14. Plaintiff incurred a debt with AT&T Mobility (not a party to this case), at some time in the past for personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

15. Plaintiff filed for Bankruptcy on January 16, 2009 in the Eastern District of Virginia, and obtained a Discharge on April 29, 2009.

16. Upon information and belief, the debt went into default with AT&T Mobility prior to the filing of the Bankruptcy.

17. Upon information and belief, AT&T Mobility assigned the debt to EOS CCA AFTER the filing of the Bankruptcy.

18. EOS CCA knew, or should have known that the debts were included and discharged in Bankruptcy, as the debt was shown as Discharged in Bankruptcy in plaintiff's Equifax Credit file on or about May 19, 2009.

19. On January 22, 2013 and March 18, 2013, EOS CCA sent collection notices to Plaintiff, in an attempt to collect on the alleged debt.

20. On June 19, 2013, plaintiff was applying for credit and discovered that the account with EOS CCA was updated on his Equifax credit file to show that the debt was still due and owing.

21. EOS CCA has a history of sending collection letters and making other attempts to collect on debts included or discharged in Bankruptcy.

22. EOS CCA has been regularly collecting on debts that are included or Discharged in Bankruptcy for more than 10 years.

23. EOS CCA exhibits a consistent business practice of attempting to collect upon debts included or Discharged in Bankruptcy.

24. Upon information and belief, EOS CCA has decided that the benefits of collecting debts that are included or Discharged in Bankruptcy sufficiently outweigh the risks and costs of repeated litigation for the same.

25. Upon information and belief, it is the common practice of EOS CCA to attempt to collect on debts included or discharged in Bankruptcy.

26. Upon information and belief, it is a pattern of behavior of EOS CCA to attempt to collect on debts included or discharged in Bankruptcy.

**COUNT ONE:**
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p**

27. Plaintiff restates and re-alleges all previous paragraphs herein.

28. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692e, in that it used false, deceptive, and misleading representations in connection with the debt collection.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2), in that it falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it is discharged in Bankruptcy.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(2)(a), in that it falsely stated the amounts due, in the collection of a consumer debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692f(1), in that it collected or attempted to collect an amount other than one authorized by the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to

any funds because it was discharged in Bankruptcy, knowing that such debt was included and Discharged in a Bankruptcy.

29. Plaintiff is entitled to statutory damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

## COUNT TWO:
## Willful Violation of the Discharge of Bankruptcy 11 U.S.C. §524

30. Plaintiff restates and re-alleges all previous paragraphs herein.

31. Defendant has, after receiving actual notice of the Discharge in Bankruptcy, continued to collect upon debts in violation of the Discharge Injunction of Bankruptcy.

32. Plaintiff demands Actual Damages, Punitive Damages, attorney fees and costs.

**WHEREFORE,** the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act for statutory damages, attorney fees, and costs, and for Actual Damages, Punitive Damages, Attorney Fees and costs for defendants violation of the Discharge Injunction of Bankruptcy.

Page 5 of 6

JAIRO BRENES

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
5310 Markel Rd. Suite 102
Richmond, VA 23230
804.303.0204 phone
804.303.0209 fax